**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.: 5:25-cv-00032-CAR** |
| **DOMINATION TOWERS, INC., *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND CONSENT MOTION FOR ENTRY OF FINAL JUDGMENT**

On January 30, 2025, Plaintiff Auto-Owners Insurance Company ("Auto-Owners") filed this action seeking a declaratory judgment that Auto-Owners has no duty under its commercial auto insurance policy to defend or indemnify claims in an underlying lawsuit arising from a motor vehicle collision. Before the Court are (1) Auto-Owners' Motion for Default Judgment [Doc. 26] against Defendants Wayne Owenby; Matthew Boring; Domination Transport, LLC; and Domination Towers, Inc.; and (2) Auto-Owners' Consent Motion for Entry of Final Judgment [Doc. 29] joined by Defendants Shaveka Lawrence, individually as the surviving Parent of Daylan Norwood, deceased; Willie Norwood III, individually as the surviving Parent of Daylan Norwood, deceased; and Shaveka Lawrence and Willie Norwood III in their capacity as the co-administrators of

the Estate of Daylan Jamarius Norwood, deceased (collectively, "Underlying Plaintiffs"). No response has been filed, and the time to do so has expired. Upon consideration of Auto-Owners' Complaint, the pending Motions, the relevant legal authorities, and the entire record in the case, Auto-Owners' Motion for Default Judgment [Doc. 26] and the Consent Motion for Entry of Final Judgment [Doc. 29] are **GRANTED**.

## BACKGROUND

The Complaint alleges as follows:[1] Auto-Owners issued to Defendant Domination Towers a commercial auto policy, number 53-301-363-00, with effective dates from April 4, 2022, through April 4, 2023 (the "Policy").[2] The Policy imposes conditions and duties upon the insured, including duties in the event of accident, claim, suit, or loss.[3] Specifically, the Policy provides the following condition precedent to coverage: the insured must give "prompt notice of the accident or loss."[4]

---

[1] Am. Compl., Doc. 22. On January 30, 2025, Plaintiff filed its Original Complaint. Compl., Doc. 1. On November 18, 2025, the Clerk of Court entered default against Defendants Owenby, Boring, Domination Transport, and Domination Towers. On November 20, 2025, Plaintiff filed an Amended Complaint adding Defendants Shaveka Lawrence and Willie Norwood III in their capacity as the co-administrators of the Estate of Daylan Norwood. Am. Compl., Doc. 22. The Amended Complaint does not assert any new claims or add any new theories of recovery against Defendants Owenby, Boring, Domination Transport, and/or Domination Towers. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."). The Amended Complaint includes the following attachments: (1) the Policy; (2) the Underlying Plaintiffs' Original Complaint; (3) the Underlying Plaintiffs' First Amended Complaint; and (4) the Underlying Plaintiffs' Second Amended Complaint. Doc. 22-1; Doc. 22-2; Doc. 22-3; Doc. 22-4.

[2] Doc. 22 ¶ 14; Doc. 22-1.

[3] Doc. 22 ¶¶ 25-27; Doc. 22-1 at 24.

[4] Doc. 22 ¶27; Doc. 22-1 at 24. Policy Section V (CONDITIONS) states: "**A. LOSS CONDITIONS 1. Duties in the Event of Accident, Claim, Suit or Loss** We have no duty to provide coverage under the policy unless there has been full compliance with the following duties. a. In the event of accident, claim, suit or loss, an

On December 31, 2022, a motor vehicle collision occurred, resulting in Daylan Norwood's death at the scene of the collision.[5] On October 17, 2024, the Underlying Plaintiffs sued Defendants Wayne Owenby, Matthew Boring, and Domination Towers for wrongful death in the State Court of Rockdale County, Georgia ("Underlying Lawsuit").[6] In the Underlying Lawsuit, the Underlying Plaintiffs allege on December 31, 2022, at approximately 3:19 a.m., in Monticello, Jasper County, Georgia,[7] Daylan Norwood was operating a 2014 Ford Fusion traveling north on Georgia 212, and Defendant Boring and Defendant Owenby were driving separate vehicles traveling south on Georgia 212.[8] The Underlying Plaintiffs allege that Defendants Boring and Owenby were racing their vehicles while under the influence, and Defendant Owenby failed to maintain his lane when he collided into the front of Daylan Norwood's vehicle.[9] The Underlying Plaintiffs further allege Defendant Boring was acting as Defendant

---

insured must give us or our authorized representative prompt notice of the accident or loss, including: (1) How, when and where the accident or loss occurred; (2) The insured's name and address; and (3) To the extent possible, the names and addresses of any injured persons and witnesses. b. Additionally, the insured and any other involved insured must: (1) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or suit. (2) Cooperate with us in the investigation or settlement of the claim or defense against the suit. (3) Authorize us to obtain medical records or other pertinent information." Doc. 22 ¶27; Doc. 22-1 at 24.

[5] Doc. 22 ¶ 15; Doc. 22-2; Doc. 22-3; Doc. 22-4.

[6] Doc. 22 ¶ 20; Doc. 22-2; Doc. 22-3. This civil action is entitled *Shaveka Lawrence, et al. v. Wayne Owenby, et al.*, Civil Action File No. 2024-SV-2931. *Id.*

[7] *See, e.g.*, Doc. 22-4 at 4-5.

[8] Doc. 22 ¶ 16.

[9] *Id.*

Domination Towers's employee and/or agent and operating its company vehicle during the collision.[10]

Defendants Domination Towers and Boring did not notify Auto-Owners about any alleged accident, claim, suit or loss, until almost two years after the collision.[11] Auto-Owners was not aware of any alleged accident, claim, suit or loss until a copy of the Complaint in the Underlying Lawsuit was sent to Auto-Owners on November 14, 2024.[12] Defendants Domination Towers and Boring seek a defense and indemnity under the Policy for the claims asserted against them in the Underlying Lawsuit.[13]

On January 30, 2025,[14] Auto-Owners filed this action seeking a declaratory judgment that Auto-Owners has no duty under the Policy to defend or indemnify claims in the Underlying Lawsuit.[15] After being served with process,[16] Defendants Wayne Owenby, Matthew Boring, Domination Transport, and Domination Towers failed to file a responsive pleading, and Plaintiff moved for entry of default against them, which the Clerk of Court entered on November 18, 2025.

---

[10] *See, e.g.*, Doc. 22-4 at 7-11.
[11] Doc. 22 ¶ 18.
[12] *Id.* ¶ 19.
[13] *Id.* ¶ 21.
[14] Original Compl., Doc. 1.
[15] Am. Compl., Doc. 22. Auto-Owners seeks only declaratory relief; it does not seek damages. *Id.*
[16] Doc. 7; Doc. 9; Doc. 10; Doc. 11.

Subsequently, Auto-Owners filed its pending Motion for Default Judgment under Fed. R. Civ. P. 55(b) against Defendants Wayne Owenby, Matthew Boring, Domination Transport, and Domination Towers.[17] Later, Auto-Owners and the Underlying Plaintiffs filed their pending Consent Motion for Entry of Final Judgment, seeking the Court to enter Auto-Owners' requested declaratory judgment.[18]

**DISCUSSION**

Before obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the Clerk of Court.[19] Auto-Owners satisfied this requirement. But the mere entry of default does not mandate the entry of a default judgment. Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[20] Default is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[21]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction; (2) liability; and (3) damages.[22] The Court has diversity jurisdiction under 28 U.S.C. § 1332,[23] and venue is proper under 28 U.S.C. §§ 1391(b)(1), (2), and Local Rule 3.4

---

[17] Doc. 26.
[18] Doc. 29.
[19] Fed. R. Civ. P. 55(a).
[20] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all cases decided by the former Fifth Circuit before October 1, 1981.
[21] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).
[22] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).
[23] 28 U.S.C. § 1332(a)(2); *Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 687 (11th Cir. 2019) ("Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of the parties.").

of this Court because one or more defendants reside in and the underlying motor vehicle collision occurred in this district and division.[24] Auto-Owners seeks only declaratory relief; it does not seek damages.[25]

This action is based on diversity of citizenship, and therefore the Court is required to apply the choice of law rules of the forum state – Georgia.[26] Under Georgia law, an insurance policy is governed by the law of the state where the contract was made,[27] "except that where the contract is made in one state and is to be performed in another state, the substantive law of the state where the contract is performed will apply."[28] Here,

---

Auto-Owners is a citizen of Michigan, and all Defendants are citizens of Georgia. Doc. 22 at 2-4. Thus, complete diversity exists. The amount in controversy exceeds $75,000. *Id.* ¶ 18.

[24] Doc. 22 ¶¶ 2-7, 13; 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"); 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"); U.S. Dist. Ct. Rules M.D. Ga., Local Civil Rule 3.4 ("Plaintiff may file a civil case in the division in which the plaintiff resides, the defendant resides or the claim arose."). All Defendants are residents of Georgia. Doc. 22 at 2-4. Defendants Domination Towers and Domination Towers are Georgia limited liability companies with their principal places of business in Monticello, Jasper County, Georgia. *Id.* at 2-3. The underlying motor vehicle collision occurred in Monticello, Jasper County, Georgia. Doc. 22-4 at 4-5. Jasper County, Georgia, is in the Macon Division. *See* U.S. Dist. Ct. Rules M.D. Ga., Local Civil Rule 3.1.

[25] Doc. 22. "This is a declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. [§] 2201." *Id.* ¶ 8.

[26] *See Klazon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941).

[27] *General Tel. Co. of Se. v. Trimm*, 252 Ga. 95 (1984). A contract is made where it was delivered to the insured. *Id.*; *Gen. Tel. Co. of the Se. v. Trimm*, 706 F.2d 1117, 1120 (11th Cir. 1983), *certified question answered sub nom. Gen. Tel. Co. of Se. v. Trimm*, 252 Ga. 95 (1984) ("The last act essential to the making of an insurance contract is the receipt of the policy by the insured which informs her of the need to begin premium payments.") (citation omitted).

[28] *Amstell, Inc. v. Bunge Corp.*, 213 Ga. App. 115, 116 (1994) ("Under the rule of lex loci contractus, the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made, except that where the contract is made in one state and is to be performed in another state, the substantive law of the state where the contract is performed will apply[.]") (citation omitted).

the Policy was both made in and intended to be performed in Georgia.[29] Thus, Georgia law governs.

Under Georgia law, "when an insurance policy includes a notice requirement as a condition precedent to coverage, and when the insured unreasonably fails to timely comply with the notice requirement, the insurer is not obligated to provide a defense or coverage."[30] The Court must assess the reasonableness of notice "from the perspective of a reasonable person in the position in which the insured found himself at the time of, and following, the incident."[31] "[A]n unexcused significant delay may be unreasonable as a matter of law."[32]

Accepting the allegations in the Complaint as true, Defendants Domination Towers and Boring did not give "prompt notice of the accident or loss."[33] Defendants Domination Towers and Boring did not give notice of the December 31, 2022 collision, and Auto-Owners was not aware of any alleged accident, claim, suit, or loss, until a copy of the Complaint was sent to Auto-Owners on November 14, 2024, almost two years after

---

[29] *See* Doc. 22-1 at 1-11 (showing that the Insured's mailing address, all scheduled drivers, and all covered autos were in Georgia).

[30] *Forshee v. Emps. Mut. Cas. Co.*, 309 Ga. App. 621, 623 (2011) (citing *Federated Mut. Ins. Co. v. Ownbey Enterprises*, 278 Ga. App. 1, 3 (2006)).

[31] *Id.* at 625.

[32] *Canadyne-Georgia Corp. v. Cont'l Ins. Co.*, 999 F.2d 1547, 1555 (11th Cir. 1993) (quoting *Townsend v. National Union Fire Ins. Co.*, 196 Ga. App. 789 (1990)). "The insured bears the burden of showing justification for a delay in providing notice to the insurer[.]" *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1378 (N.D. Ga. 2017) (citations omitted).

[33] Doc. 22 ¶ 29.

the accident.[34] This over-22-month delay is unreasonable as a matter of law because Defendants Domination Towers and Boring knew or should have known of Daylan Norwood's personal injuries and/or death at the scene of the collision on or about December 31, 2022.[35] Accordingly, Defendants Domination Towers and Boring failed to comply with the Policy's notice provision—a condition precedent for coverage. As a result, Auto-Owners has no duty to defend or indemnify.

Because Auto-Owners seeks only declaratory relief and no damages, and Defendants Owenby, Boring, Domination Transport, and Domination Towers have failed to answer or otherwise appear in this action, an evidentiary hearing is unnecessary, and the Court may adjudicate the matter of default upon the plaintiff's application. [36] Based on the Complaint's factual allegations above, which are deemed admitted, and supported by its attachments, the Court concludes there is a substantive, sufficient basis for Auto-Owners' requested declaratory relief. Therefore, the Court finds the entry of default judgment is appropriate, and Auto-Owners is entitled to the requested declaratory relief against Defendants Owenby, Boring, Domination Transport, and Domination Towers. In

---

[34] *Id.* ¶ 30.

[35] *See Forshee*, 309 Ga. App. at 625 (collecting cases where courts held delays of 8 to 24 months were unreasonable as a matter of law); *see also Bituminous Cas. v. J.B. Forrest & Sons*, 132 Ga. App. 714 (1974) (four-month delay was unreasonable); *Hathaway Dev. Co. v. Ill. Union Ins.*, 274 F. App'x. 787, 791 (11th Cir. 2008) (per curiam) (delays of four, five, and eight months were unreasonable).

[36] *See, e.g., Nat'l Gen. Ins. Co. v. Martin*, No. 5:24-CV-681-LCB, 2024 WL 6910361, at *2 n.1 (N.D. Ala. Oct. 10, 2024) ("Because [the plaintiff] 'seeks only a declaratory judgment . . . an evidentiary hearing is unnecessary[,] and the court may adjudicate the matter of default upon request of the plaintiff.'") (quoting *Maxum Indem. Co. v. CMR Props.*, No. 2:16-CV-00977-RDP, 2017 WL 6406519, at *3 (N.D. Ala. Dec. 15, 2017)) (cleaned up); *see* Fed. R. Civ. P. 55(b).

addition, the Underlying Plaintiffs consent to the relief below. And the Court finds that entry of final judgment is appropriate, and Auto-Owners is entitled to the requested declaratory relief against all Defendants.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Auto-Owners' Motion for Default Judgment [Doc. 26] and the Consent Motion for Entry of Final Judgment [Doc. 29] and hereby **ORDERS, ADJUDGES AND DECLARES** as follows:

(a) The declaratory relief requested by Auto-Owners in its Complaint [Doc. 22] is hereby granted;

(b) Defendants Domination Towers and Boring did not give prompt notice of the accident or loss as required by the Policy, and the notice condition precedent was not complied with;

(c) Conditions precedent under the Policy have not been complied with, and Auto Owners has no duty to provide coverage under the Policy;

(d) The Policy does not afford coverage for Defendants Boring, Domination Transport, Domination Towers, and/or the Underlying Plaintiffs, and Auto-Owners has no duty or liability with respect to any claims, judgments, or damages of any kind relating to or arising from the Underlying Lawsuit or its subject matter;

(e) Auto-Owners has no duty or obligation to defend or indemnify Defendants Domination Towers, Boring, and/or Domination Transport in connection with the Underlying Lawsuit;

(f) Auto-Owners has no duty under the Policy or any liability whatsoever with respect to the December 31, 2022, motor vehicle collision, underlying claims, and/or Underlying Lawsuit.

**SO ORDERED,** this 30th day of September, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT